UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ANDERSON,

       Petitioner,                                              Case Number: 12-14550

v.                                                             HON. MARK A. GOLDSMITH

MITCH PERRY,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, and DISMISSING PETITION WITHOUT PREJUDICE**

## I. INTRODUCTION

Petitioner Kevin Anderson is a state inmate incarcerated at the Newberry Correctional Facility in Newberry, Michigan, pursuant to convictions for carrying a concealed weapon, felony firearm, and being a felon in possession of a weapon. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court are Respondent's motion for summary judgment[1] and Petitioner's motion to hold the habeas petition in abeyance. The Court concludes that none of the claims raised in the petition were properly exhausted in state court and, accordingly, dismisses the petition without prejudice.

---

[1] Respondent's motion is incorrectly titled motion for summary judgment. It is clear that the remedy Respondent seeks is a dismissal without prejudice, rather than summary judgment, and the Court will treat the motion as a motion to dismiss.

1

## II. BACKGROUND

Petitioner was convicted by a jury in Wayne County Circuit Court. On September 15, 2010, he was sentenced to two to seven years in prison for the carrying a concealed weapon and felon-in-possession convictions, and five years in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised the following claims through counsel and in a pro per supplemental brief:

I. Mr. Anderson was denied a fair trial by the admission of irrelevant and extremely and unfairly prejudicial evidence that he had committed murder in the past.

II. Mr. Anderson was denied a fair trial by the admission of irrelevant and unduly prejudicial testimony that he refused to submit to field sobriety tests and a chemical test, which unfairly insinuated that he was hiding something and impermissibly shifted the burden of proof away from the prosecution.

III. Trial defense counsel rendered ineffective assistance by failing to object to the admission of irrelevant and unfairly prejudicial evidence regarding other bad acts and concerning Mr. Anderson's refusal to submit to alcohol testing.

IV. Defendant was denied his Sixth Amendment right to the effective assistance of counsel by and through defense counsel.

V. Defendant was denied his Sixth Amendment right to the effective assistance of counsel on his direct appeal by counsel's serious and grievous errors.

VI. Defendant has affirmatively established entitlement to relief from judgment on his conviction and sentence by demonstrating good cause and actual prejudice and/or constitutional error resulting in a miscarriage of justice.

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Anderson, No. 301012, 2012 WL 639331 (Mich. Ct. App. Feb. 28, 2012).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Anderson, 492 Mich. 867 (Sept. 4, 2012).

Petitioner then filed the pending habeas corpus petition. He raises these claims:

    I.      The date of my arrest is false, it was either the 7th or 9th day of May that I was arrested and my blood was forcibly taken by police.

    II.      None of the officers had video cameras on at the scene.

    III.      Officer testified that the gun was black. The officer who suppose[edly] questioned me never saw a gun . . . Yet another [officer saw] a gun after he [was] looking for whatever outside the car on the other side of the car.

    IV.      No finger prints. No proper ballistics or procedure was taken properly by officers in the handling of a weapon, there [were] no photographs, no fingerprints, no date of logging weapon, etc.

### III. ANALYSIS

Respondent argues that the petition should be dismissed because Petitioner has not exhausted any of his habeas claims. In response, Petitioner asks that the matter be stayed pending exhaustion of state-court remedies or, alternatively, that the matter be dismissed without prejudice.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." Prather v. Rees, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (internal quotation omitted). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480,

483 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner admits that he has not exhausted his state court remedies for any of the claims raised in the petition. Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. Rhines v. Weber, 544 U.S. 269, 278 (2005); Griffin v. Rogers, 308 F.3d 647, 652, n.1 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court will retain jurisdiction. The Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

The Court is mindful that, in dismissing a petition without prejudice, the Court must not "'jeopardize the timeliness of a collateral attack.'" Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (quoting Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001)). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, April 24, 2012, until he returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." Id. at 721.

### IV.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11,

4

Rules Governing Section 2254 Proceedings. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, Respondent's motion for summary judgment is granted and the petition for a writ of habeas corpus is dismissed without prejudice. Petitioner's motion to hold the petition for habeas corpus in abeyance is denied. The Court declines to issue a certificate of appealability.

SO ORDERED.

Dated: June 10, 2013  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager